UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DUDLEY MACNEIL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JUDGES HARRIS AND BUTLER, TWIN FALLS COUNTY IDOC DISTRICT 5, KIRSTEN CLAGLE, AND JEREMY THOMAS,<br><br>　　　　　Defendants. | Case No. 1:24-cv-000063-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　　The Complaint of Plaintiff Dudley MacNeil was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. To state a claim under 42 U.S.C. § 1983, the civil rights statute, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

　　　　All conditionally-filed prisoner complaints must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

　　　　After reviewing the Complaint, the Court has determined that Plaintiff must file an

amended complaint with additional facts or a notice of voluntary dismissal if he does not have sufficient facts to state a claim.

## REVIEW OF COMPLAINT

### 1. Claims against State Court Judges

Plaintiff alleges that Judge Harris and Judge Butler "are not wise men"; "are not capable and honest men who fear God"; that they "take bribes"; and that they have been "breaking" various Idaho Administrative Procedures. Dkt. 3 at 2. Plaintiff has not provided facts showing that judicial immunity would not apply to the judges' acts.

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of judicial functions. *Stump v. Sparkman*, 435 U.S. 349 (1978). To determine whether an act is judicial in nature so that immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 362.

Once it is determined that a judge was acting in his or her judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). For example, judicial immunity is not lost "by allegations that a judge conspired with one party to rule against another party: 'a conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges.'" *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (superseded by statute on other grounds)

(quoting *Ashelman*, 793 F.2d at 1078).

In addition, "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[W]here the alleged harm, though resulting from a bribe or conspiracy, was inflicted by acts to which absolute immunity would apply, the complaint is insufficient to avoid judicial immunity." *Ashelman*, 793 F.2d at 1077 (citation and punctuation omitted); *see Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (finding judge was properly dismissed from § 1983 case on immunity grounds where alleged bribery occurred between private parties and the judge). Although these decisions may seem unfair, the American judicial system provides absolute immunity for judicial officers because immunity "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988).

There are two circumstances in which absolute judicial immunity does not apply. First, a judge may not rely on immunity when he or she performs an act that is not "judicial" in nature. *Stump*, 435 U.S. at 360. For example, when a judge used physical force to evict a person from the courtroom, the Ninth Circuit held that the judge performed a nonjudicial act not covered by absolute immunity. *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). On the other hand, when a judge ordered officers "to forcibly and with excessive force seize and bring plaintiff into his courtroom," judicial immunity applied, because a "judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." *Mireles*, 502 U.S. at 12.

Second, absolute immunity does not apply when a judge acts in "the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356 (internal citations omitted). The question of

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

whether a judge acted in excess of authority in making a judicial ruling is a distinct issue from the question of whether a judge acted in the clear absence of jurisdiction. Even if a judge exceeds his authority in making a judicial ruling in a particular case, that judge is immune if the case is properly before him. *Mireles*, 502 U.S. at 13.

The difference between acting in the absence of jurisdiction and acting in excess of authority is made clear in the following example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump,* 435 U.S. at 357.

In Idaho, the state district courts have original jurisdiction over all cases and proceedings in law and in equity. I.C. § 1-705; Idaho Const. art. V, § 20. The jurisdiction of magistrate judges "is established by legislation, I.C. §§ 1-2208, 1-2210; under the Idaho Constitution, ID. Const. art. 5, § 2; by rule of the Idaho Supreme Court, I.R.C.P. 82; and by the rules of the respective district courts, e.g., 4th Judicial District Court Rule 3.0 (1979)." *Marks v. Vehlow*, 671 P.2d 473, 476 (Idaho 1983).

District court and magistrate judges have jurisdiction to hear criminal misdemeanor and quasi-criminal actions. I. C. § 1-705; I.C. § 1-2208. By statute, state magistrate judges may be assigned to preside over "[p]roceedings for the preliminary examination to determine probable cause, commitment prior to trial or the release on bail of persons charged with criminal offenses." I.C. § 1-2208(3)(d).

Here, Plaintiff complains of acts and decisions Judge Harris and Judge Butler made in the course of presiding over Plaintiff's action. Plaintiff has not specifically described what the judges did. If he has facts showing that the judges acted outside their judicial capacity or in the absence of jurisdiction, Plaintiff may clarify his allegations with more specific facts in an amended complaint. If the judges were acting in the regular course of their judicial duties, Plaintiff should not include these claims in an amended complaint.

### 2. Claims against Deputies, "Cops," or Parole/Probation Officers

#### A. *Unclear Facts*

Plaintiff also alleges that Twin Falls County deputies either broke into his house or allowed "cops" to do so; that they took his personal property, including a boat, motor, trailer, and a John Deere lawn tractor with attachments; and that they have been "continually stalking, harassing, and persecuting him." Dkt. 3 at 4.

It is unclear whether Defendants Kirsten Clagle and Jeremy Thomas are Twin Falls County deputies, city police officers, or probation/parole officers. Plaintiff will be given leave to clarify Defendants' roles and what actions each took. It appears Plaintiff is alleging that Clagle and Thomas were "shooting next to [his] house and trying to gas [him] out of [his] habitation." Dkt. 3 at 5. Plaintiff will be given leave to file an amended complaint to clarify these allegations.

#### B. *Statute of Limitations Issues*

Plaintiff alleges that these acts occurred between January 2018 and March 2022. Because Plaintiff filed his Complaint on or about January 2, 2024 (mailbox rule date), and the civil rights statute of limitations is two years, all such claims before January 2022 likely

are untimely and cannot be heard unless Plaintiff shows that equitable tolling, equitable estoppel, or another equitable principle applies. If Plaintiff chooses to amend his Complaint, he will need to specify the dates each Defendant acted.

In a civil rights case such as this, state tolling provisions apply unless important federal policy will be undermined. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464-65 (1975). The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho statutorily tolls the limitations period for a person's minority status or insanity. I.C. § 5-230.

Another option to address untimeliness is the theory of equitable estoppel, which "does not 'extend' a statute of limitation"; rather, it works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitation as a bar, although the time limit of the statute may have already run." *J.R. Simplot Co., v. Chemetics International, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994), *abrogated in part by Day as Tr. of Tr. B of Donald M. Day & Marjorie D. Day Fam. Tr. v. Transportation Dep't*, 458 P.3d 162, 170 (Idaho 2020). Equitable estoppel requires a showing of four elements: "(1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth; (2) that the party asserting estoppel did not know or could not discover the truth; (3) that the false representation or concealment was made with the intent that it be relied upon; and (4) that the person to whom the representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his

prejudice." *Id*. at 1041.

A final option is showing that Defendants waived a statute of limitations defense, or that another equitable doctrine should be applied. *See Day* 458 P.3d at 170 (addressing waiver but leaving open the possibility of other equitable defenses).

If claims are untimely and the untimeliness cannot be excused, they must be dismissed for failure to state a claim upon which relief can be granted. *See Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015). However, a complaint should not be dismissed without leave to amend unless it is clear that the complaint's deficiencies cannot be cured. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff may amend to show that his claims are timely or are excused under one or more of these standards.

### C. *Illegal Entry onto Real Property Claim*

If Plaintiff files an amended complaint, he should also include additional allegations regarding the illegal entry of his home, which may be actionable under § 1983. However, if he consented to probation/parole officers having permission to enter and search his home as a probation or parole condition, he may not have a cause of action.

### D. *Personal Property Claims*

Plaintiff should clarify whether the taking of his personal property items were part of a governmental confiscation. If so, he should explain whether the confiscation was related to a debt collection or criminal matter.

In general, most personal property claims involving a government official do not implicate the United States Constitution. The United States Supreme Court has made it clear that the "Due Process Clause is simply not implicated by a negligent act of an official

causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Even the intentional destruction of personal property by state officials will not support a due process claim under § 1983 if the plaintiff has an adequate remedy under state law. *See Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels*, 474 U.S. at 330-31 (1986). Idaho has adopted the Idaho Tort Claims Act (ITCA), Idaho Code § 6-901, *et seq.*, to provide a remedy for citizens injured by the tortious acts of governmental entities, officials, and employees. As a general rule, citizens can sue for and recover monetary damages from Idaho governmental entities for damages arising out of negligent or otherwise wrongful acts or omissions of the entity and its employees acting within the course and scope of employment. Idaho Code § 6-903(a).

The ITCA spells out several exceptions that shield a governmental entity from liability for certain types of negligent and willful acts ("immunity") and that shield governmental employees from liability for certain types of negligent acts. For example, neither governmental entities nor the law enforcement officers they employ can be held liable for acts that arise out of "the detention of any goods or merchandise," so long as the acts were done "without malice or criminal intent and without gross negligence or reckless, willful and wanton conduct." Idaho Code § 6-904B(1).

In other words, there is no remedy for negligent or otherwise wrongful governmental detention of property so long as it does not constitute a malicious act, criminal behavior, gross negligence, recklessness, or willful and wanton action. In practical

terms, this means that liability attaches only to the *individual* employee (rather than the governmental entity) when his or her acts are "committed maliciously or with criminal intent." *Limbert v. Twin Falls County*, 955 P.2d 1123, 1125 (Idaho 1998); *Herrera v. Conner*, 729 P.2d 1075, 1085 (Idaho Ct. App. 1986).

Application of these principles to Plaintiff's claims in this case leads the Court to preliminarily conclude that, to the extent Plaintiff alleges negligence or adherence to a county policy as the basis for Defendants' actions, Plaintiff likely has no due process claim under § 1983, because a constitutional claim requires wanton or malicious intent, not present when a person follows an employer's policy regarding personal property. To the extent Plaintiff alleges that officers recklessly or intentionally took his property, he has (or had) a potential state law remedy against the governmental employees in their individual capacities; as a result, § 1983 liability does not arise for such acts because there is an adequate state law remedy. Plaintiff may clarify the facts in an amended complaint or omit this cause of action.

3. **Potential *Heck v. Humphrey* Implications**

Another potential legal question in this action is whether Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply that a plaintiff's criminal conviction, sentence, or parole/probation revocation is invalid, the civil rights action is unripe and may not proceed, unless the at-issue judgment has been reversed or otherwise invalidated. *Id.* These principles have been extended to probation/parole revocation proceedings. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). When a

state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

It is unclear whether Plaintiff is complaining about civil or criminal actions. If the judges' actions complained of are not covered by absolute judicial immunity, but happened in a criminal case and implied that Plaintiff's conviction, sentence, or probation/parole revocation was invalid, then he cannot proceed. In addition, there is no remedy of "asylum outside of the United States" in a prisoner civil rights action. Plaintiff will be given leave to clarify the circumstances in which his allegations arose.

### 4. Conclusion and Instructions for Amendment

Plaintiff may not proceed on any of this claims. He is free to file an amended complaint if he has sufficient facts to state claims; otherwise, he may file a notice of voluntary dismissal. No claims against the judges should be included unless facts exist showing the judges were not acting in a judicial capacity or were acting in the complete absence of jurisdiction.

If Plaintiff's claims related to Clagle and Thomas are merely personal property loss claims, then he must bring those claims in state court. He must clarify which actions each Defendant took, and when each action was taken.

If his claims are untimely, he must provide facts showing a legal excuse applies. If he has no such facts, then he should include only those claims arising within the two-year period before he filed his complaint.

All claims must contain sufficient details to support each element of his causes of

action. Particularly, Plaintiff must state the "who, what, where, when, why, and how" of each claim. Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces an original or previously-amended pleading, including all supplements.

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint that meets the criteria above within **30 days** after entry of this Order. Any amended complaint must be accompanied by a motion to review the amended complaint. He may file a notice of voluntary dismissal if he does not desire to proceed.

2. Failure to file an amended complaint within 30 days after entry of this Order will result in dismissal of this case without prejudice without further notice.

DATED: September 10, 2024

_____
David C. Nye
Chief U.S. District Court Judge